### PRATT et al. v. BATCHLER.
### No. 2046.

Court of Civil Appeals of Texas. Waco.
April 6, 1939.

Rehearing Denied May 4, 1939.

G. Goodwin Sweatt, J. L. Gammon, and Mark Smith, all of Waxahachie, for appellants.

Lynn B. Griffith, of Waxahachie, Maury Hughes, of Dallas, and Joseph F. Greathouse, of Fort Worth, for appellee.

GEORGE, Justice.

This is an action of trespass to try title to certain land situated in Ellis county instituted by J. M. Batchler against C. A. Pratt and Vernon Pratt. The trial court rendered judgment in favor of J. M. Batchler on the jury's findings. Hence this appeal by C. A. and Vernon Pratt.

One of the determinative issues involved in this cause is the location on the ground of the north line of the J. M. Batchler 174½ acre tract of land out of the H. P. Crum and Davis Winniford surveys and the south line of the C. A. and Vernon Pratt 135 acre tract of land, that is, the location on the ground of the common boundary line of the Batchler and the Pratt lands. Prior to the institution of the suit, the parties could not, with the aid of their respective deeds and surveyors, agree as to the location of the common boundary line. Do the findings of the jury and the judgment of the court make certain the location of the common boundary line on the ground? The findings of the jury are that the boundary line is located as claimed by J. M. Batchler, and that the true dividing line between J. M. Batchler and the Pratt land is the middle of the old road. The field notes of the 174½ acres of land of the H. P. Crum and Davis Winniford surveys as contained in the deed of conveyance to J. M. Batchler are given in the petition and used in the judgment. The deed, petition and judgment each contain the same and identical field notes and describe the north line as follows, to-wit: "Thence East with center of road, 938⅞ vrs. to Bois d' Arc stake in the road, whence a Bois d' Arc 6 inches bears N. 2¾ W., 20⅞ vrs, also the N.

W. corner of the John W. Baker survey, bears S. 30 E."

The Bois d' Arc stake and tree called for in the deed, petition and judgment were gone at the time the controversy arose and at the time of the trial. At the time of the trial there were three separate sets of Bois d' Arc sprouts. The old road has not been used in fifteen or twenty years, and there is a sharp conflict in the testimony as to its course. Can either of the parties or the sheriff go out on the land and take with him the deed, petition, verdict of the jury and judgment of the court and locate the line in controversy on the ground with any more certainty at this time than he could have done before the case was tried and the judgment entered?

J. M. Batchler contended that the center of the road was his north line. Hix McCanless testified that he surveyed the Batchler 174½ acre tract of land and located the north boundary line in the center of the old road; that he began at the accepted corner agreed on and ran 5 degrees E., N. 982 vrs. for Mr. Batchler's west line. The call in the deed, petition and judgment for the west line of the Batchler tract is as follows: "Beginning at a rock on the W. line of said Winniford survey and E. line of the E. S. Miller survey, 242⅔ vrs. from said Miller's N. E. corner; thence N. 982 vrs. to a stake in center of public road."

Exline Martin testified that he surveyed the J. M. Batchler 174½ acre tract of land according to the field notes given in the deed and did not locate the center of the old road, but located the common boundary line between the Batchler and Pratt land south of the land actually involved in the controversy.

The verdict of the jury and judgment thereon do not add anything to the description in the deed nor do they describe the common boundary line with reference to definite existent objects on the ground about which there can be no controversy. Neither the verdict of the jury nor the judgment of the court within themselves locate or furnish the means of locating the disputed boundary line on the ground. They determine nothing. They leave the parties where they began, with the field notes in the Batchler deed as the only guide to the officer who may be charged with the duty of putting appellee in

possession of the land in controversy. The officer selected to enforce the judgment would be called upon to do what the parties and their surveyors could not do, that is, locate the common boundary line with certainty on the ground. If the old road was in existence or if there was no question as to its course, it could be used as a basis in defining the common boundary line, but since it is no longer in existence and since its course is in dispute, it is not sufficient to use as a basis in defining such line. Jones v. Andrews, 72 Tex. 5, 9 S.W. 170; Southern Pine Lumber Co. v. Whiteman, Tex.Civ.App., 104 S. W.2d 635.

The judgment of the trial court is reversed and the cause is remanded.